UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRAIRIE BAND POTAWATOMI
NATION,

    Plaintiff,

v.

JACKSON COUNTY SHERIFF TIM
MORSE, *in his official capacity*,

    Defendant.

Case No. 24-4066-KHV-RES

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Prairie Band Potawatomi Nation's Motion for Leave to File an Amended Complaint ("Plaintiff" or "Nation"). ECF No. 27. Defendant Jackson County Sheriff Tim Morse ("Defendant" or "Sheriff Morse") filed a response in opposition to the Motion, and Plaintiff filed a reply in further support of the Motion. ECF Nos. 29-30. For the reasons explained below, the Motion is granted.

**I.     BACKGROUND**

The District Judge recently summarized the facts and claims in this case in her order ruling on Defendants' motion to dismiss:

> On July 19, 2024, Prairie Band Potawatomi Nation filed a complaint against Tim Morse, Sheriff of Jackson County, Kansas, in his official capacity and the Jackson County Sheriff's Office. Plaintiff alleges that defendants unlawfully exercised civil jurisdiction within the Nation's Reservation and seeks a declaratory judgment that within the Reservation, defendants lack (1) civil-regulatory jurisdiction and (2) authority to interfere with the Nation's lawful exercise of civil-regulatory jurisdiction. Plaintiff also seeks permanent injunctive relief prohibiting defendants from (1) interfering with the Nation's lawful exercise of its civil-regulatory

>jurisdiction and (2) exercising unlawful civil-regulatory jurisdiction within the Reservation.

*Prairie Band Potawatomi Nation v. Morse*, No. CV 24-4066-KHV, 2025 WL 446344, at *1 (D. Kan. Feb. 10, 2025). The Court granted in part and denied in part the motion to dismiss. *Id.* The Court dismissed the Jackson County Sherriff's Office as a party Defendant, leaving Defendant Sheriff Morse as the sole remaining Defendant. *Id.* at *4 (noting that Plaintiff agreed this Defendant was not a proper party to this action).

As is relevant to the present Motion, in that order, the Court raised the issue of whether Plaintiff has Article III standing for a permanent injunction prohibiting Defendant from interfering in the Nation's exercise of civil-regulatory jurisdiction within the Reservation. *Id.* at *7-8. To that end, the District Judge ordered Plaintiff to show cause in writing why the District Judge should not dismiss Plaintiff's claim for injunctive relief for lack of standing. *Id.* at *8. The Court also provided Defendant an opportunity to file a reply to Plaintiff's response. *Id.*

Both sides timely filed briefs addressing the show-cause order. *See* ECF Nos. 26, 28. On the same day Plaintiff responded to the show-cause order, Plaintiff also filed the present Motion to Amend, which is now before the Court. ECF No. 27.[1] Plaintiff explains that the proposed amended complaint "contains additional allegations to support the Nation's request for permanent injunctive relief and removes the Jackson County Sheriff's Office as a Defendant based on the Court's recent Order dismissing that party." ECF No. 27 at 1. On March 3, 2025, Defendant filed a response in opposition to the Motion. ECF No. 29. On March 10, 2025, Plaintiff filed its reply. ECF No. 30.

---

[1] The Court has not yet entered a scheduling order that establishes a deadline for amendments to the pleadings, and so the Motion is timely made in that respect.

2

**II.      DISCUSSION**

      **A.      Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule instructs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant does not allege undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or undue prejudice. Defendant opposes the motion solely on the ground of futility. ECF No. 29 at 1. A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008). In analyzing whether a proposed amendment is futile, the Court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The party opposing a motion to amend on futility grounds bears the burden to establish futility of the amendment. *Hills v. Arensdorf*, No. 20-4037-EFM, 2020 WL 12967771, at *1 (D. Kan. Dec. 1, 2020).

### B. Defendant Fails to Meet its Burden of Establishing that Plaintiff's Proposed Amended Complaint is Futile.

Plaintiff explains that the proposed amended complaint makes changes to conform with the District Judge's ruling—omitting references to the now-dismissed Defendant and removing references to service of process that had been part of Plaintiff's declaratory judgment claim. ECF No. 27 at 2-3. The proposed amended complaint modifies or adds additional material with respect to the remaining claims, and notably, adds additional paragraphs to address Plaintiff's standing to seek permanent injunctive relief. *Id.* at 3.

The District Judge's order sets forth the applicable law on the issue of standing:

> Article III of the U.S. Constitution limits the exercise of federal judicial power to cases and controversies. U.S. Const., art. III, § 2. To satisfy Article III's standing requirements, plaintiff must show that (1) it has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) the injury is fairly traceable to the challenged action of defendant and (3) it is likely, as opposed to merely speculative, that a favorable decision will redress the injury. *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).
>
> Accordingly, plaintiffs who seek prospective relief—such as an injunctive order to prevent future injury—must show a real and immediate threat of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Redmond v. Crowther*, 882 F.3d 927, 942 (10th Cir. 2018) (plaintiff who seeks injunctive relief based on threat of future harm must show threat is "real and immediate, not conjectural or hypothetical"). Past exposure to wrongful conduct "bears on whether there is a real and immediate threat of repeated injury," but it is not dispositive. *Tandy v. City of Wichita*, 380 F.3d 1277, 1289 (10th Cir. 2004).
>
> For plaintiff to seek a permanent injunction, it must allege (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007).

> While plaintiff has alleged past violations by defendant (some of which may involve claims which are beyond the relevant statute of limitations), plaintiff has not alleged that the violations are ongoing or that they pose a real and immediate threat of future injury. The Court therefore questions whether plaintiff has standing under Article III to seek injunctive relief.

*Prairie Band Potawatomi Nation*, 2025 WL 446344, at *7-8.

Plaintiff explains that its "New Paragraphs 89-97 have been added to make explicit that the Nation has standing to seek permanent injunctive relief." ECF No. 27 at 3. The proposed amendments detail Sheriff Morse's alleged disregard for Plaintiff's exercise of its civil-regulatory jurisdiction and his own alleged unlawful civil jurisdiction within the Reservation. ECF No. 27-2, at 20-21, ¶¶ 89-92 (redline version of the proposed pleading showing all modifications). The proposed pleading affirmatively alleges a real and immediate harm of future injury. Specifically, paragraph 92 states: "Sheriff Morse's stated view that [he] has authority to interfere with the Nation's exercise of civil-regulatory judication and that he has authority to exercise civil jurisdiction within the Reservation demonstrates a real and immediate threat of future harm to the Nation." *Id.* at 21, ¶ 92. Paragraph 93 explains in part that "[i]rreparable harm will result to the Nation because the Sherriff plans to continue interfering with [the Nation's] governmental authority and exercising jurisdiction within the Reservation, which he does not possess, and because irreparable harm to the Nation arises *as a matter of law* from infringements on its sovereignty." ECF No. 27-2 at 22, ¶ 93 (emphasis in original).

Defendant argues that the proposed amended complaint "does not allege a real or immediate threat of future harm with respect to the tribe's Tax Commission" and that "it does not plausibly allege an injury in fact that is concrete and particularized and/or actual or imminent" because it contains only "threadbare recitals of the elements for an injunction that are unsupported by factual allegations." ECF No. 29 at 5-6. But Defendant does not specifically address either

5

new paragraph 92 or new paragraph 93. *See generally id.* Defendant does not explain why these statements are insufficient to show that the violations pose a real and immediate threat of future injury. In the absence of a more specific argument addressing the paragraphs that appear to be directly aimed at correcting the deficiencies identified by the District Judge, the Court finds Defendants have not carried their burden to demonstrate futility with respect to these amendments.

The same is true with respect to Defendant's remaining arguments regarding paragraphs 64, 70, 90, and 91. ECF No. 29 at 3-6. Paragraphs 64 and 70 appear in the facts section of the proposed pleading.[2] Paragraph 64 pleads additional facts concerning certain Tribal Court proceedings, and paragraph 70 alleges that Sheriff Morse continues to assert that he has full jurisdiction over the Nation. ECF No. 27-2, at 15, 17. Paragraph 90 contains allegations concerning Defendant's views regarding his past actions and the Nation's exercise of its civil-regulatory authority. *Id.* at 20-21. Paragraph 91 states that "[i]f the Defendant's view were correct, there would have been no need for the Kansas Act, which expressly gives the State of Kansas criminal—but not civil—jurisdiction." *Id.* at 21.

Defendant argues that: paragraph 64 has no bearing on the claims against Sherriff Morse; paragraph 70 is conclusory; paragraph 90 selectively quotes from Defendant's motion to dismiss without providing factual context; and Defendant disagrees with Plaintiff's statement regarding the Kansas Act and goes on to make additional legal arguments concerning the State's authority to exercise jurisdiction on tribal land. ECF No. 29 at 3-6. Defendant's disagreement with discrete proposed additional paragraphs does not demonstrate that any particular claim or request for relief

---

[2] Notably, Plaintiff's Motion identifies "Paragraphs 89-97"—and not paragraphs 64 and 70—as being "added to make explicit that the Nation has standing to seek permanent injunctive relief." ECF No. 27 at 3.

is futile in its entirety. Simply put, even if Defendant were correct in these arguments (an issue the Court does not reach), they are insufficient to explain how the request for injunctive relief or any other proposed amendment is futile.

In contrast, Plaintiff argues in reply that the amendments are not futile "because the amended complaint merely adds allegations supporting the Nation's existing standing to seek permanent injunctive relief." ECF No. 30 at 1. The Court agrees that adding allegations to support an existing claim or existing request for relief would rarely render a claim or request for relief futile. *See Russell v. Kiewit Energy Grp., Inc.*, No. 18-2144-KHV-JPO, 2020 WL 1547832, at *2 (D. Kan. Apr. 1, 2020).[3] This is because "[a] futility analysis considers the proposed amendments, not claims already in the case." *Phelps v. State of Kansas*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025). In this case, Plaintiff is not attempting to add new claims or new parties or to revive dismissed claims. Plaintiff is simply seeking to amend to provide additional support for the existing claims and requests for relief.

To be clear, the undersigned is not ruling on whether Plaintiff's claim for injunctive relief would ultimately survive a subsequent challenge, and this ruling does not preclude Defendant from filing a dispositive motion on this issue. The Court simply finds that Defendant has not established that the amendments aimed at bolstering existing claims and requests for relief are futile on the present record—a high bar. *See Phelps*, 2025 WL 743975 ("In order to deny a motion to amend

---

[3] *See, e.g., Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 7187329, at *6 (D. Kan. Dec. 26, 2019) ("Any pleading deficiencies contained in the operative pleading do not present a compelling reason for the court to deny the motion to amend to add separate allegations."); *W & W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928, at *1 (D. Kan. May 18, 2012) (explaining baring an amendment "would serve no practical purpose" because in the event the court denied the motion, the allegedly deficient claims would still remain in the case).

on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 27, is **GRANTED**.  Plaintiff must file its amended complaint, ECF No. 27-1, on or before **March 18, 2025**.

**IT IS SO ORDERED.**

Dated: March 14, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge