# EXHIBIT 25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PRAIRIE BAND POTAWATOMI NATION,
a federally recognized Indian Tribe,

        Plaintiff,

    vs.                       Case No. 5:24-cv-4066-KHV-RES

JACKSON COUNTY SHERIFF TIM MORSE,

        Defendant.

---

**Answer to Plaintiff Prairie Band Potawatomi Nation's First Set of Interrogatories to Defendant Jackson County Sheriff Tim Morse**

Sheriff Tim Morse answers plaintiff's First Set of Interrogatories as follows:

1.    Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**ANSWER:**    **Objection. This interrogatory is vague and ambiguous and calls for speculation. The individuals defendant knows to have such information were disclosed in Defendant's Rule 26 Disclosures.**

2.    Identify all documents relating to the events at Snak Atak Travel Plaza ("Snak Atak") on May 28, 2024, including reports, emails, and transcripts of radio and video recordings.

**ANSWER:**    **See documents produced in Defendant's Rule 26 Disclosures as MORSE_000001-000028.**

3.    Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to the Jackson County Sheriff's Office threat to tow a vehicle on O Road in 2021 near the Prairie Band's hemp production facility.

**ANSWER:**    **Objection. This interrogatory is vague and ambiguous and calls for speculation. Records reflect Deputy Kendal Grimm and Deputy Matt Honas were dispatched to O Road on August 21, 2021 regarding vehicles in the roadway. Carrie Belveal was the dispatcher.**

4.    Identify all documents and recordings within your possession, custody, or control relating to any interaction between the Jackson County Sheriff's Office with Prairie Band

1

Potawatomi Nation employees near the hemp production facility in 2021 regarding threats to tow or towing of vehicles.

**ANSWER:    See CAD call information being produced as BATES No. MORSE_000029 through MORSE_000032.**

      5.    Identify all workplace collaboration tools and databases that you use that contain, may have contained, or may generate data or information about any Jackson County Sheriff's Office law enforcement activities occurring on the Prairie Band Potawatomi Nation reservation. For each tool you identify, list:

      a.    The name(s) of the account holder(s) for any account that contains, may have contained, or may generate data or information about any Jackson County Sheriff's Office law enforcement activities occurring on the Prairie Band Potawatomi Nation reservation.

      b.    The username(s) or handle(s) for any account associated with the tool that contains, may have contained, or may generate data or information about any Jackson County Sheriff's Office law enforcement activities occurring on the Prairie Band Potawatomi Nation reservation.

      c.    The email address(es) used in connection with any account associated with the tool that contains, may have contained, or may generate data or information about any Jackson County Sheriff's Office law enforcement activities occurring on the Prairie Band Potawatomi Nation reservation.

      d.    The date on which you began using the tool that contains, may have contained, or may generate data or information about any Jackson County Sheriff's Office law enforcement activities occurring on the Prairie Band Potawatomi Nation reservation.

      e.    A description of the automatic retention and/or automatic deletion settings in place for the tool from 2021 through present.

      f.    Any circumstances in which content or data was manually deleted from the tool from 2021 through present, including when and why the content or data was deleted.

**ANSWER:    a, d. Jackson County Sheriff's Department has used Enterpol, a Computer Aided Dispatch platform, since 2013.**

                      **b-c. Users for the Enterpol platform are identified in the spreadsheet produced herewith as BATES No. MORSE_000033 through MORSE_000034.**

                      **e-4. All data entered is retained. No data has been deleted to my knowledge.**

6.    Describe in detail your understanding of the Prairie Band Potawatomi Nation's civil regulatory jurisdiction within the Prairie Band Potawatomi Nation's Reservation.

**ANSWER:    Indian tribes are "distinct, independent political communities" exercising sovereign authority of a unique and limited character. Tribes also lack inherent sovereign power to exercise criminal jurisdiction over non-Indians. *United States v. Cooley*, 593 U.S. 345, 349-50 (2021).**

7.    Describe in detail your understanding of the Jackson County Sheriff's role and power in relation to the Prairie Band Potawatomi Nation's exercise of civil-regulatory jurisdiction on the Prairie Band Potawatomi Nation Reservation.

**ANSWER:    Objection. This interrogatory is vague and ambiguous. I do not know what is meant by "the exercise of civil regulatory jurisdiction." See the answer to Interrogatory No. 6. Also, I am a state official with jurisdiction anywhere within the borders of Jackson County, whether on or off the reservation.**

8.    Describe in detail your telephonic conversation with Chief Clark on May 28, 2024 regarding the events at Snak Atak that are the subject of the Amended Verified Complaint.

**ANSWER:    Terry called me to advise me what was going on at the convenience store. Amit had already called me screaming for help. I understood that deputies were been enroute to keep the peace.  Amit had told me that they are chaining the doors shut.**

**Because it had been my understanding that the Tribe had jurisdiction on Tribal owned businesses, and because Amit had previously told me he had not signed any agreements with the Tribe, I did not understand how the Tribe could have the authority to chain the store. I explained to Terry that I didn't think the Tribe could act on these owners of the property. The property was on the Reservation, but it wasn't owned by the Tribe or Tribal members.**

**It was my understanding that the store owners had not signed any agreements with the tribe—Amit told me previously that he was being harassed by the Tribe and that he had not signed any kind of agreement with the Tribe. I had told Amit that, if he didn't have any agreement with the Tribe, he could ask them to leave.**

**I explained that I thought if they didn't have the authority to proceed, that if they were asked to leave the property by the owners or management it could result in trespassing which could end in criminal charges or arrest.  I also explained that I did not want that because I didn't want to put his people or mine in that position.**

**The call was cordial and Terry wasn't able to explain to me why what was being done was legal. He told me on two occasions he was only there to keep the peace.**

**I recall another phone call in which Terry told me what they are doing, or had done, and he  discussed his son's surgery.**

3

9.      Describe in detail any conversations you had on May 28, 2024 or thereafter about the events at Snak Atak on May 28, 2024 that are the subject of the Amended Verified Complaint.

**ANSWER:**      **I have had conversations with the following people regarding this incident: former Undersheriff Scott Morris; Captain Travis DeBarge; Captain Tyler Caudle; current Undersheriff John Calhoon; Dispatch Supervisor Bruce Fox and Tim Lenz. I don't recall the conversations specifically, but would have conveyed generally the same information described in my answer to Interrogatory No. 8.**

10.      Identify all persons who provided the knowledge, documents, or information used, reviewed, or referenced in answering these interrogatories.

**ANSWER:**      **Tim Morse.**

11.      Describe in detail your understanding of the Jackson County Sheriff's limitations, role, and power to exercise civil or criminal-jurisdiction on the Prairie Band Potawatomi Nation Reservation.

**ANSWER:**      **Objection. This interrogatory is vague and ambiguous. I am charged, by K.S.A. 19-813 to "keep and preserve the peace in their respective counties, and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections, for which purpose, and for the service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace." I have "civil jurisdiction" conferred by the Act of January 29, 1861, 12 Stat. 126, to exercise any jurisdiction conferred upon the State of Kansas, including the service of civil process within the reservation. I have jurisdiction conferred by the Kansas Act, 18 U.S.C. § 3243, to enforce Kansas laws on the reservation. Any limitations upon my authority are those imposed by the United States and Kansas constitutions, and statutes.**

As to objections:

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/David R. Cooper**
| David R. Cooper | #16690 |
| Charles E. Branson | #17376 |
| **Attorneys for Defendant** | |

**Certificate of Service**

On October 29, 2025, the foregoing was electronically served upon the following counsel of record:

Jere D. Sellers, KS #16406 | Rachel E. North, D.Kan. #79121
STINSON LLP | 1201 Walnut Street, Suite 2900 | Kansas City, Missouri 64106
Tel: (816) 691-3190 | Fax: (816) 412-8195
jere.sellers@stinson.com | rachel.north@stinson.com

Carol E. Heckman, *Pro Hac Vice* | Klint A. Cowan, *Pro Hac Vice*
LIPPES MATHIAS | 50 Fountain Place, Suite 1700 | Buffalo, New York 14202
Tel: (716) 853-5100 | Fax: (716) 853-5199
checkman@lippes.com
kcowan@lippes.com
**Attorneys for Plaintiff**

<u>s/David R. Cooper</u>

## **VERIFICATION**

STATE OF KANSAS    )
                 ) ss:
COUNTY OF JACKSON  )

Tim Morse, of lawful age, being duly sworn, upon his respective oath, deposes and states:

That he is a defendant in the foregoing entitled action and the person to whom the interrogatories were propounded, that he has made answers to the foregoing interrogatories and said answers are true and correct.

TIM MORSE

SUBSCRIBED AND SWORN to before me this 29 day of October, 2025.

Notary Public

My Appointment Expires:

12/28/25

BRIAN ELLIOTT
Notary Public - State of Kansas
My Appt. Expires 12/28/25

6