# EXHIBIT 31

## IN THE PRAIRIE BAND POTAWATOMI NATION DISTRICT COURT
PRAIRIE BAND POTAWATOMI NATION RESERVATION
MAYETTA, KANSAS

FILED
IN THE DISTRICT COURT
2025 FEB -3 P 4: 05
OF THE PRAIRIE BAND
POTAWATOMI NATION

| | |
|---|---|
| PRAIRIE BAND POTAWATOMI NATION (PBPN) TAX COMMISSION,<br>Plaintiff,<br>vs.<br><br>WAMEGO STORE, LLC.,<br>Respondent. | Case No. 2024-OT-0013-CV |

### ORDER

On December 16, 2024, this matter was set for a motion hearing at 10:30am before this Court. Present at the hearing were the following parties: Darren E. Root, attorney for the Plaintiff Prairie Band Potawatomi Nation (PBPN) Tax Commission; and representatives from the PBPN Tax Commission and PBPN Tribal Council. The Respondent did not appear at the hearing, despite notice; nor did anyone appear on their behalf. The Clerk of Court's office attempted to call the Respondent's legal counsel of record to see if they would be appearing at hearing and delayed the start of the hearing in case the Respondent was running behind schedule. The Court went on the record at approximately 10:46am.

At issue before the Court on December 16, 2024, were the following motions: the Plaintiff's *Motion for Default Judgment* filed on October 29, 2024; the Respondent's *Motion for Leave to File Answer Out of Time* filed on November 25, 2024; and the Plaintiff's *Response to Motion for Leave to File Answer Out of Time* filed on December 6, 2024.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2024, the Plaintiff filed a *Complaint* against the Respondent Wamego Store for multiple violations of the Potawatomi Law and Order Code during its operation of a convenience store known as the Snak Atak Travel Plaza within the exterior boundaries of the Prairie Band Potawatomi Nation reservation.

Personal proof of service of the *Complaint* on the Respondent was filed with the Court on July 8, 2024, showing that personal service on the Respondent was completed on July 2, 2024. Per the Potawatomi Law and Order Code Section 4-2-3(C)(1), the answering party (Respondent)

PBPN-000921

shall serve its Answer within twenty (20) days after the service of process upon the Respondent. The Plaintiff maintains that the Respondent should have filed its answer by July 22, 2024. The case file shows that no answer from the Respondent was filed within the twenty days after service of process, nor within the additional time (three days) added for mailing by the Court.

On October 29, 2024, the Plaintiff moved for a *Motion for Default Judgment* in its favor against the Respondent in the amount of $153,800.00, including any remedies allowed by law, including but not limited to, injunctive relief, civil penalties, restitution, and seizure of contraband. On October 30, 2024, the Court sent a *Notice of Hearing* to the parties setting this matter for hearing on December 16, 2024, at 10:30am.

On November 25, 2024, the Respondent and its legal counsel Stephanie G. Hazelton filed a written *Motion for Leave to File Answer Out of Time* arguing that the interests of justice would be served by allowing the Respondent additional time to file an *Answer* in the case over objection of the Plaintiff. The Plaintiff filed its written *Response to Motion for Leave to File Answer Out of Time* on December 6, 2024.

## II. DISCUSSION

### A. Jurisdiction

Per Section 1-1-1 of the Potawatomi Law and Order Code, the authority and jurisdiction of the Prairie Band Potawatomi Nation shall extend to the fullest extent possible, including, without limitation, to "any and all persons, including non-members and members of the Prairie Band Potawatomi Nation and including any corporation, other entity or any person and to all surface, subsurface or other territory or real or personal property of any nature." This Court has adjudicative authority per Section 2-1-3(A) and (B), which grants general civil jurisdiction over all civil actions arising under the tribal constitution, the tribal law and order code, tribal common law and over all civil claims which arise within the tribal jurisdiction and over all transitory claims in which the defendants may be served within the tribal jurisdiction.

Under *Montana v. United States*, 450 U.S. 544 (1981), the tribe may regulate and adjudicate the activities of nonmembers who enter consensual relationships with the tribe or its members. Further, tribes may regulate the "conduct on non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, ort the health and welfare of the tribe." When either of these prongs of the *Montana* test are satisfied, a tribe may exercise authority over non-Indians on fee land within the reservation.

2

PBPN-000922

shall serve its Answer within twenty (20) days after the service of process upon the Respondent. The Plaintiff maintains that the Respondent should have filed its answer by July 22, 2024. The case file shows that no answer from the Respondent was filed within the twenty days after service of process, nor within the additional time (three days) added for mailing by the Court.

On October 29, 2024, the Plaintiff moved for a *Motion for Default Judgment* in its favor against the Respondent in the amount of $153,800.00, including any remedies allowed by law, including but not limited to, injunctive relief, civil penalties, restitution, and seizure of contraband. On October 30, 2024, the Court sent a *Notice of Hearing* to the parties setting this matter for hearing on December 16, 2024, at 10:30am.

On November 25, 2024, the Respondent and its legal counsel Stephanie G. Hazelton filed a written *Motion for Leave to File Answer Out of Time* arguing that the interests of justice would be served by allowing the Respondent additional time to file an *Answer* in the case over objection of the Plaintiff. The Plaintiff filed its written *Response to Motion for Leave to File Answer Out of Time* on December 6, 2024.

## II. DISCUSSION

### A. Jurisdiction

Per Section 1-1-1 of the Potawatomi Law and Order Code, the authority and jurisdiction of the Prairie Band Potawatomi Nation shall extend to the fullest extent possible, including, without limitation, to "any and all persons, including non-members and members of the Prairie Band Potawatomi Nation and including any corporation, other entity or any person and to all surface, subsurface or other territory or real or personal property of any nature." This Court has adjudicative authority per Section 2-1-3(A) and (B), which grants general civil jurisdiction over all civil actions arising under the tribal constitution, the tribal law and order code, tribal common law and over all civil claims which arise within the tribal jurisdiction and over all transitory claims in which the defendants may be served within the tribal jurisdiction.

Under *Montana v. United States*, 450 U.S. 544 (1981), the tribe may regulate and adjudicate the activities of nonmembers who enter consensual relationships with the tribe or its members. Further, tribes may regulate the "conduct on non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, ort the health and welfare of the tribe." When either of these prongs of the *Montana* test are satisfied, a tribe may exercise authority over non-Indians on fee land within the reservation.

PBPN-000922

In the case at hand, the case file reflects that the Respondent consented to tribal jurisdiction per Section 2-2-1 by entering the exterior tribal boundaries to operate the Snak Atak business. Furthermore, the Respondent entered into a consensual written contract with the PBPN through its approved applications for a tribal license for business, liquor, motor fuel, and tobacco tax. These license applications stated that the business agreed to comply with all tribal laws and consensually submitted to the jurisdiction of the Prairie Band Potawatomi Nation. This consensual relationship between the Respondent and the tribe meets the first prong of the *Montana* test and the Court further finds that the second prong of the *Montana* test is met as the Respondent's conduct threatens or has a direct effect on the political integrity, the economic security or the health or welfare of the tribe. Specifically, the tribe has the authority to tax and regulate the Respondent's commercial activities within its jurisdiction and to defray the cost of providing governmental services by requiring contributions from parties engaged in economic activities within its jurisdiction. Based upon the authority in Chapter 1 and 2 of the Potawatomi Law and Order Code and the *Montana* test, the Court finds that there is civil regulatory jurisdiction and adjudicatory subject matter and personal jurisdiction over this matter.

### B.  Enlargement of Time to Answer Complaint

Section 4-3-10 of the Prairie Band Potawatomi Nation Law and Order Code provides that enlargement of time may be allowed for good cause shown any time, in the court's discretion, if the request is made before the expiration of the period originally prescribed or as extended by a prior order.

The Respondent filed its *Motion for Leave to File Answer Out of Time* on November 25, 2024, but did not appear at the hearing on December 16, 2024, to argue its motion. At hearing on December 16, 2024, the Plaintiff argued against allowing the Respondent's *Answer* out of time and reviewed its *Response to Motion for Leave to File Answer Out of Time* arguing that the Respondent's request was not timely; that there were no factual or legal grounds to show good cause for enlargement; and that the Respondent misstated applicable law in its motion.

After review of the Respondent's motion and after hearing the Plaintiff's arguments against enlargement of the Respondent's answer timeline, the Court finds that the request for extension of the answer timeline was not timely, as it was not made before the expiration of the period originally prescribed and the timeline was not extended by a prior order. Furthermore, the Court finds that there was not good cause provided by the Respondent to justify the Court's discretion in extending

the answer timeline per Section 4-3-10. The Respondent had proper notice to its Wamego Store member Amit Sharma, the Respondent was available to respond or defend against the case and failed to do so, and the Respondent has failed to appear at any in-person hearing to argue its motions.

### C. Default Judgment

Section 4-10-2 of the Prairie Band Potawatomi Nation Law and Order Code governs default judgments. It provides that "judgment by default shall be entered when a party has failed to plea or defend a claim that has been brought. A judgment by default shall not be different in kind from or exceed in amount that was demanded for judgment by another party." When a party fails to challenge the factual allegations in a complaint, a Court has the discretion to grant a default judgment. In this case, the Court finds that the Respondent did not file an *Answer* within the appropriate timelines set in the tribal code in Section 4-2-3(C), that an enlargement request for an extension of the timeline was not timely made per Section 4-3-10, and, even if it was timely made, that good cause was not shown by the Respondent to justify the Court exercising its discretion for enlargement. Furthermore, the Respondent did not appear at the motion hearing on December 16, 2024, to show cause why the Default Judgment should not be entered. Based upon the totality of the above, the Court finds that a Default Judgment is appropriate and should be granted to the Plaintiff.

### D. Damages/Penalties

Section 4-10-2 of the Prairie Band Potawatomi Nation Law and Order Code states that, "… A judgment by default shall not be different in kind from or exceed in amount that was demanded for judgment by another party." Generally, the type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. *See* Fed. R. Civ. P. 54(c).

In this matter, the Plaintiff requested in its *Complaint* that, in addition to injunctive relief, that civil penalties be imposed for every violation of the Nation's law, not to exceed $1,000 for each violation of Chapter 13-3-2. In the Plaintiff's *Motion for Default Judgment* filed on October 29, 2024, the Plaintiff argued the Respondent should be assessed civil penalties in the amount of $153,800.00 for violations of Title 13 of the Prairie Band Potawatomi Nation Law and Order Code because the Respondent had a business license issued by the PBPN Tax Commission.

The Court takes judicial notice of the case file that reflects that the Respondent applied to the PBPN Tax Commission for a tribal license for business, liquor, motor fuel, and tobacco tax license, which were all approved and issued. The Respondent's license applications certified that the person was signing on behalf of the applicant and agreed to be bound by and comply with all laws of the PBPN and consensually agreed to submit to the jurisdiction of the PBPN.

The Court set this *Motion for Default Judgment* for hearing on December 16, 2024, and notice was provided to both parties. In its motion, the Plaintiff provided a detailed breakdown of the amount of penalties sought in its *Motion for Default Judgment*, how the amount was calculated, and what dates were utilized to calculate civil penalties (example- monthly or daily violations). The Respondent failed to show for hearing on December 16, 2024, where the Court allowed time for each party to review their motions and provide any evidentiary evidence on their motion, including any damages/penalties. After review of the case file and information provided at hearing, the Court finds that sufficient evidence exists to support the Plaintiff's request for civil penalties and that the Respondent was afforded the opportunity to contest the amount claimed, failed to appear at scheduled hearing, and failed to challenge the *Motion for Default Judgment* and its request for civil penalties/damages. The Court finds that the purpose of the civil penalties is primarily to defray the costs of administration and enforcement of the PLOC and to deter continued violations by the violator or others.

As such, the Court finds the Respondent committed the following violations of PBPN law and is liable for the following civil penalties:

| Violation | Penalties |
|---|---|
| Section. 10-2-8, PLOC, On May 28, 2024, five (5) Snak Atak employees, and on June 12, 2024, three (3) Snak Atak employees obstructed the confiscation of contraband cigarettes ($1,000 per employee) | $8,000.00 |
| Section 10-2-15, PLOC- Failure to display tobacco retailer license (92 days, $100.00/day) | $9,200.00 |
| Section 10-2-17, PLOC- On May 28, 2024, and June 12, 2024, Snak Atak employees refused the Tax Commission access to inspect the premises, inventory and business records ($500 per violation) ………………………………….. | $1,000.00 |
| Section 10-3-5, PLOC- Failure to file monthly reports showing gross sales and taxes collected | $5,000.00 |

| | |
|---|---|
| reports and failure to remit collected gross sales taxes. (5 months, $1,000/month) | |
| Section 10-6-11, PLOC-Failure to display motor fuel license (92 days, $100.00 per day) | $9,200.00 |
| Section 10-6-6, PLOC, Failure to remit monthly collected excise fuel tax (5 months, $1,000/month) | $5,000.00 |
| Section 10-6-8(A), PLOC, Failure to file monthly reports showing amount of fuel sold and excise tax collected (5 months, $1,000/month) | $5,000.00 |
| Section 13-2-2, PLOC, Failure to display business license, (92 Days, $100.00 per day) | $9,200.00 |
| Section 13-3-1, PLOC, Failure to cease and desist commercial activity from May 28, 2024, to August 8, 2024 (92 Days, $1,000.00/day) | $92,000.00 |
| Section 29-1-8, PLOC- Failure to Display Liquor License (92 Days, $100.00/day) | $9,200.00 |
| Section 29-1-9, PLOC- Failure to File Required Quarterly Report and Remit Taxes Collected. ($1,000.00/violation) | $1,000.00 |

Based upon the above, the Court hereby orders the following:

### ORDER

1. The Respondent's *Motion for Leave to File Answer Out of Time* is DENIED.
2. The Plaintiff's *Motion for Default Judgment* is GRANTED.
3. Civil penalties against the Respondent are granted to the Plaintiff in the amount of $153,800.00.

**IT IS SO ORDERED.**

Dated: 2-3-25

_____
Honorable Jessica R Bear, District Court Judge

6