# EXHIBIT 43

```
                                                  Page 1
 1  .
 2            UNITED STATES DISTRICT COURT
 3              FOR THE DISTRICT OF KANSAS
 4  .
 5  .
 6  PRAIRIE BAND POTAWATOMI NATION,
 7        Plaintiff,
 8  .
 9      vs.      Case No. 5:24-cv-04066-KHV-RES
10  .
11  JACKSON COUNTY SHERIFF TIM MORSE,
12        Defendant.
13  .
14  .
15              DEPOSITION OF
16             CHIEF TERRY CLARK,
17  taken on behalf of the Defendant, pursuant to
18  Notice to Take Deposition, beginning at 9:07 a.m.
19  on the 10th day of December, 2025, at Fisher,
20  Patterson, Sayler & Smith, 3550 S.W. 5th Street,
21  in the City of Topeka, County of Shawnee, and
22  State of Kansas, before Sandra S. Biggs, Kansas
23  CCR No. 0716.
24  .
25  .
```

```
                                                  Page 2
 1              APPEARANCES
 2  .
 3  .
 4  ON BEHALF OF THE PLAINTIFF:
 5  .
 6      Mr. Klint A. Cowan
 7      Lippes Mathias
 8      201 Robert S. Kerr Avenue, Suite 235
 9      Oklahoma City, Oklahoma  73102
10      405-456-0030
11      kcowan@lippes.com
12  .
13  .
14  ON BEHALF OF THE DEFENDANT:
15  .
16      Mr. David R. Cooper
17      Fisher, Patterson, Sayler & Smith
18      3550 S.W. 5th Street
19      Topeka, KS  66606
20      785-232-7761
21      dcooper@fpsslaw.com
22  .
23  ALSO PRESENT:
24      Mr. Rory Wheeler
25      Sheriff Tim Morse
```

```
                                                  Page 3
 1                  INDEX
 2  .
 3  .
 4  Certificate ---------------------------- 104
 5  .
 6  .
 7                 WITNESS
 8  ON BEHALF OF THE DEFENDANT:              PAGE
 9  CHIEF TERRY CLARK
10  Direct-Examination by Mr. Cooper          5
11  Cross-Examination by Mr. Cowan           80
12  Redirect-Examination by Mr. Cooper       88
13  Recross-Examination by Mr. Cowan         97
14  .
15  .
16                EXHIBITS
17  CLARK DEPOSITION EXHIBIT NO.:          MARKED
18  No 10  Clark report                      23
19  No 11  Barnhart report                   32
20  No 12  Martinez report                   32
21  No 13  Photos                            32
22  No 14  Photo                             32
23  No 15  E-mail string, PBPN-000287-000293  55
24  No 16  Combined Final Order of Exclusion
25         and Writ of execution             55
```

```
                                                  Page 4
 1  No 17  Proof of Service                  65
 2  No 18  Order For the Execution of Judgment
 3         For Unpaid Civil Penalties        67
 4  No 19  9/1/21 e-mail to Clark from Morse 72
 5  .
 6  .
 7  .
 8  .
 9  .
10  .
11  .
12  .
13  .
14  .
15  .
16  .
17  .
18  .
19  .
20  .
21  .
22  .
23  .
24  .
25  .
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street           6420 W 95th Street        800 E 1st Street N
Topeka, KS 66604              Suite 101                 Suite 200
785-273-3063                  Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com           913-383-1131              316-201-1612

Page 77

1  said, it would be best practices that you guys
2  block the road off while you're doing this
3  construction.  We can figure out how to put
4  barricades up and block the road, which the LLC
5  actually followed my recommendation.
6      Q.  Okay.  Have you received any non-
7  privileged feedback or communication from either
8  Tribal Council or the Tax Commission about what
9  you did or didn't do on May 28?
10     A.  No.
11     Q.  In other words, have you been yelled at
12 or praised for --
13     A.  No.
14     Q.  -- anything?
15     A.  No.  I get yelled at about a lot of
16 things but not stuff like that.
17     Q.  Okay.  Closing loops, have you had any
18 discussions with anybody at the Sheriff's
19 Department, whether it's Tim Morse or anybody
20 else, about the events of May 28, 2024 that we've
21 not discussed today?
22     A.  No.
23         MR. COOPER:  All right.  Hold on a
24 second.
25         (THEREUPON, a discussion was had off the

Page 78

1  record.)
2          MR. COOPER:  I think those are all my
3  questions, Chief.
4      A.  I do have to back up a little bit.  Yes,
5  there was a discussion about all that because of
6  this, the Tax Commission and all that, you know,
7  getting the service done and then doing the actual
8  seizure at the store, there was conversation with
9  the tax -- you know, well, Tonya and William and
10 stuff like that.
11         BY MR. COOPER:
12     Q.  And tell me what you mean.
13     A.  Just the plans of --
14     Q.  Oh.
15     A.  -- of all that.
16         MR. COWAN:  You had asked him if he had
17 spoken to anyone that we hadn't talked about or
18 had any conversations we had not talked about.
19     A.  After May 28.
20         BY MR. COOPER:
21     Q.  Okay.  But the caveat was, was it about
22 what did or didn't happen on --
23     A.  Oh, I'm sorry.  I misunderstood you.  I
24 just wanted to make sure to clarify that.  Yes.
25     Q.  Did you do everything that you had

Page 79

1  intended to do when you went to the Snak Atak on
2  May 28, 2024?
3      A.  That is actually a yes and no answer for
4  the fact, yeah, yes, I did.
5      Q.  You served a Cease and Desist Order?
6      A.  I did that, but in my mind that's not how
7  I believed it should have played out.  In my mind,
8  it was serve the Cease and Desist Order.  The
9  employees get a chance to shut down all their
10 equipment and do whatever they need to do and
11 leave so it didn't escalate any further.
12     Q.  Right.  And the store's owners and
13 employees' decisions to not comply with the Cease
14 and Desist Order, you agree that Sheriff Morse
15 didn't have anything to do with that?
16     A.  No.  No.
17     Q.  Give me a declarative sentence because,
18 again, that's a double negative.
19     A.  Sorry.  No, Sheriff Morse absolutely did
20 not know about the Cease and Desist Order.
21 There's no way he would have known that until that
22 day.  And, no, I don't believe Sheriff Morse tried
23 to sway something either way.  I don't believe
24 that, no.
25         MR. COOPER:  Okay.  Those are my

Page 80

1  questions this morning.
2          MR. COWAN:  Just one moment.
3          CROSS-EXAMINATION
4          BY MR. COWAN:
5      Q.  You testified, Chief Clark, that Sheriff
6  Morse never threatened you -- withdraw the
7  question.  You testified that Sheriff Morse never
8  threatened to arrest you or anyone on the day of
9  the Snak Atak incident earlier.  Given the
10 totality of the circumstances that day while you
11 were there, did you feel like there was a
12 possibility of you being arrested and, if so, why?
13         MR. COOPER:  Object to form.  Go ahead.
14     A.  I had a concern when deputies started
15 showing up.  That became my main concern in making
16 sure that I was giving good explanation and
17 detailed information to the deputies so they know
18 that we were there lawfully.  But, yes, when
19 deputies started showing up on a civil matter, it
20 concerned me.
21         BY MR. COWAN:
22     Q.  Did you feel that day that you could have
23 been arrested if the employees had asked you to
24 leave?
25     A.  No.  No, I don't.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street         6420 W 95th Street        800 E 1st Street N
Topeka, KS 66604              Suite 101                  Suite 200
785-273-3063           Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com        913-383-1131                316-201-1612

Page 81

1  Q. And why is that?
2  A. Because we had a lawful reason of being
3 there. But again, my conversation with Sheriff
4 Morse and the deputies showing up, it -- I just
5 didn't know what was going to be the end state of
6 everything at that particular point. You know,
7 and that was shortly after my conversation with
8 Sheriff Morse. After talking to the sergeant,
9 then some of those concerns kind of went away
10 because we had a very decent conversation
11 detailing, you know, why we were there, what we
12 were doing, so on and so forth.
13  Q. Was there any point during your visit --
14 withdraw that question. Was there any point
15 during your second visit to Snak Atak on May 28th,
16 2024 when you felt like you or your officers could
17 be arrested?
18  A. I'm going to have to say no, because
19 there would be no lawful reason to make an arrest.
20 There wouldn't have been. Again, because myself,
21 my officers and the Tax Commission had every legal
22 right to be there as listed in the code.
23  Q. So how did you understand Sheriff Morse's
24 statement that you testified about that
25 theoretically if you were asked to leave and you

Page 82

1 did not you could be arrested for criminal
2 trespass?
3  A. Well, that I mean as it's stated, when I
4 have another law enforcement -- or a law
5 enforcement officer tells me, you know, as a
6 reasonable person, hey, you could be arrested if
7 you do this or you continue to do this, then I
8 think you would have it in the back of your head
9 that you may get arrested.
10  Q. Did you have that in the back of your
11 head?
12  A. Yes and no because of the situation. And
13 I think Sheriff Morse didn't know all the
14 particulars about the situation. You know, I
15 think he was hearing one side of it and not
16 hearing the other. So that was another reason I
17 made the phone call to him so I could explain to
18 him why we were there and what we were doing.
19  Q. You said -- I'm talking about the
20 incident on O Road with the vehicle being parked
21 unsafely. You said you went back to someone and
22 said it would be best practices to block the road
23 during construction. Who did you go back to and
24 who did you talk to?
25  A. I can't tell you who I talked to. I just

Page 83

1 know it was an employee there. I believe it was
2 the manager of -- it's not -- and I have to
3 clarify, that's the CBD field, that's not the hemp
4 field, where they do CBD production and stuff like
5 that. I believe he was the farm director. And I
6 said -- I went back and said it would be a very
7 good practice to block this off or cone it off, do
8 something to alert drivers and traffic that you're
9 going to have construction vehicles or employees'
10 vehicles parked here on the roadway.
11  Q. Okay. I'm going to try to ask this
12 question a little differently. Probably already
13 asked it, but I'm going try to make it a little
14 different. On May 28 at Snak Atak, did you feel
15 at any point like you could be arrested if you
16 were asked to leave by the employees and you did
17 not leave?
18  A. I can't say yes or no.
19  Q. Okay.
20  A. I can't say -- I can say yes because it
21 was said to me, but I have to say, no, because as
22 the -- as the situation unfolded, it felt -- I
23 felt less likely that that was going to occur.
24  Q. Okay. Immediately in the aftermath of
25 your phone call with Sheriff Morse --

Page 84

1  A. I absolutely believe it could have been a
2 possibility. To be -- again, to be transparent, I
3 was a little upset that I even got said --
4 something like that said to me.
5  Q. Okay. So before you spoke with Sergeant
6 Whelpley, going back to the time frame of on the
7 call with Sheriff Morse during the visit to Snak
8 Atak on May 28th, 2024 or, you know, right after
9 that phone call, how did you feel about the
10 potential for any arrest?
11  A. I can't say that I had any feelings about
12 being arrested, but I was very, very concerned
13 when sheriff deputies started showing up to the
14 scene.
15  Q. Okay. And in your head at that moment,
16 did you feel like it was a possibility that that
17 could happen?
18  A. Yes. I mean I think anything was
19 possible at that particular moment, because again,
20 the sheriff's office as a whole and the deputies
21 arriving on the scene had no idea why we were
22 there.
23  Q. Okay.
24  A. And they wouldn't have.
25  Q. So do you -- you may have answered this

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street  6420 W 95th Street  800 E 1st Street N
Topeka, KS 66604  Suite 101  Suite 200
785-273-3063  Overland Park, KS 66212  Wichita, KS 67202
www.appinobiggs.com  913-383-1131  316-201-1612

## Page 101

1    AFFIDAVIT
2 .
3 STATE OF _____:
4 COUNTY/CITY OF _____:
5 .
6    Before me, this day, personally appeared,
7 CHIEF TERRY CLARK, who, being duly sworn, states
8 that the foregoing transcript of his/her
9 Deposition, taken in the matter, on the date, and
10 at the time and place set out on the title page
11 hereof, constitutes a true and accurate transcript
12 of said deposition, along with the attached Errata
13 Sheet, if changes or corrections were made.
14 .
15    _____
16    CHIEF TERRY CLARK
17 .
18    SUBSCRIBED and SWORN to before me this
19 _____ day of _____, 2025 in the
20 jurisdiction aforesaid.
21 .
22 _____    _____
23 My Commission Expires    Notary Public
24 .
25 .

## Page 102

1    DEPOSITION ERRATA SHEET
2 .
3 RE:    APPINO & BIGGS REPORTING SERVICE, INC.
4 .
5 FILE NO.: 78197
6 .
7 CASE:    PRAIRIE BAND POTAWATOMI NATION vs.
8    JACKSON COUNTY SHERIFF TIM MORSE
9 .
10 DEPONENT: CHIEF TERRY CLARK
11 .
12 DEPOSITION DATE: 12/10/2025
13 .
14 To the Reporter:
15 I have read the entire transcript of my Deposition
16 taken in the captioned matter or the same has been
17 read to me. I request that the following changes
18 be entered upon the record for the reasons
19 indicated. I have signed my name to the Errata
20 Sheet and the appropriate Certificate and
21 authorize you to attach both to the original
22 transcript.
23 .
24 .
25 .

## Page 103

1 PAGE:LINE FROM    TO    REASON
2 .
3 .
4 .
5 .
6 .
7 .
8 .
9 .
10 .
11 .
12 .
13 .
14 .
15 .
16 .
17 .
18 .
19 .
20 .
21 .
22 .
23 .
24 SIGNATURE:_____ DATE:_____
25    CHIEF TERRY CLARK

## Page 104

1    CERTIFICATE
2 STATE OF KANSAS
3 COUNTY OF SHAWNEE
4    I, Sandra S. Biggs, a Certified Court
5 Reporter, Commissioned as such by the
6 Supreme Court of the State of Kansas,
7 and authorized to take depositions and
8 administer oaths within said State
9 pursuant to K.S.A 60-228, certify that
10 the foregoing was reported by
11 stenographic means, which matter was
12 held on the date, and the time and place
13 set out on the title page hereof and
14 that the foregoing constitutes a true
15 and accurate transcript of the same.
16    I further certify that I am not
17 related to any of the parties, nor am I
18 an employee of or related to any of the
19 attorneys representing the parties, and
20 I have no financial interest in the
21 outcome of this matter.
22    Given under my hand and seal this
23 24th day of December, 2025.
24    _____
25    Sandra S. Biggs, C.C.R No. 0716

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street  6420 W 95th Street  800 E 1st Street N
Topeka, KS 66604  Suite 101  Suite 200
785-273-3063  Overland Park, KS 66212  Wichita, KS 67202
www.appinobiggs.com  913-383-1131  316-201-1612