# EXHIBIT 47

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2000 FEB -9 P 3:09

RALPH L. DELOACH
CLERK
BY B.L._____, DEPUTY
AT TOPEKA, KS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE KICKAPOO TRIBE IN KANSAS,

        Plaintiff,

vs.

        Case No. 99-4059-SAC

LAMAR SHOEMAKER, individually and in
his official capacity as SHERIFF OF
BROWN COUNTY, KANSAS,

        Defendants.

## DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on this 9th day of February, 2000, on plaintiff's petition for declaratory judgment and permanent injunction. Plaintiff appears by its counsel, Charley Laman. Defendant, Lamar Shoemaker, appears by his counsel, J. Steven Pigg.

The Court has previously, following a hearing on April 26, 1999, entered a Temporary Restraining Order (TRO) enjoining the defendant from serving process on lands federally recognized as the Reservation of the Kickapoo Tribe. That TRO has been continued by agreement of the parties until the present date. The parties have submitted proffers of evidence and have requested the Court to consolidate the preliminary and permanent injunction hearings and to base the Court's decision upon the evidence presented at the hearing on the Temporary Restraining Order and the written proffers of evidence filed by the parties.

105929

35

After reviewing the evidence submitted at the TRO hearing and the proffers of evidence and applicable case law, the Court enters the following findings of fact and conclusions of law.

1.  The Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1362. Venue is proper under 28 U.S.C. § 1391(b).

2.  By agreement of the parties, the trial of this action on the merits is advanced and consolidated with the hearing on the application for preliminary injunction.

3.  The Tribe is a federally-recognized Indian Tribe organized under the Indian Reorganization Act of 1934, 25 U.S.C. § 461 et seq. The Tribe is governed by a constitution and bylaws approved by the Secretary of the Interior pursuant to 25 U.S.C. 476. The Tribe operates a tribal judicial system and police force.

4.  The Kansas Enabling Act for the Admission of Kansas into the United States, 10 Stat. 290, appears to exclude Indian land from the territorial boundaries and civil jurisdiction of the State of Kansas. The State of Kansas has not assumed civil jurisdiction over the Kickapoo's reservation nor has the Tribe consented to such jurisdiction.

5.  The Tribe is the beneficial owner of certain trust lands referred to as its Reservation. The Tribe has asserted that the boundaries of the Reservation are established by the Treaty of October 24, 1932, Art. 1, 7 Stat. 391, as amended by the Treaty of May 18, 1854, Art. 1, 10 Stat. 1078. The Sheriff has not disputed the Reservation boundaries as being established by the Treaty of

June 28, 1962, which are referred to as the "federally recognized boundaries."

6. The parties do not seek a determination of the boundaries of the Reservation in this action. The execution by a deputy sheriff of a state court order of repossession of a motor vehicle which precipitated the filing of this action occurred within the "federally recognized boundaries." The parties agree that the determination of the boundaries of the Kickapoo Reservation is not an element of this action and that any disagreement about the jurisdictional boundaries is not settled by the terms of this order. Each party reserves any right it may have to establish or contest the jurisdictional boundaries of the Reservation in subsequent proceedings and *res judicata*, collateral estoppel or any other legal or equitable doctrine shall not affect the rights of the parties with respect to the boundaries of the Kickapoo Reservation. The parties also agree that this action excludes from its determination whether streets, roads and highways within the "federally recognized boundaries" are a part of the Reservation with the parties reserving their rights to resolve any dispute regarding jurisdiction over the streets, roads and highways in subsequent proceedings without the application of *res judicata*, collateral estoppel or any other legal or equitable doctrine affecting that determination.

7. The Sheriff of Brown County, Kansas, does not have jurisdiction to physically serve pre-judgment or post-judgment civil process on the Reservation within its "federally recognized

n/a

boundaries" which are outlined in the attached Exhibits A (Map) and B (Boundary Description). *See gen., Joe v. Marcum,* 621 F.2d 358 (10th Cir. 1980).

8   Serving of civil process by mail through the U.S. Postal Service in any manner permitted by the Kansas Rules of Civil Procedure is not a violation of the Kickapoo Tribe's jurisdiction.

9   The Tribe is entitled to a declaratory judgment and permanent injunction precluding the sheriff from physically serving civil process before or after civil judgment within the "federally recognized boundaries" of the Reservation described in Exhibits A and B.

10.   Neither the plaintiff nor the defendant seeks recovery of attorney's fees, costs or expenses of this litigation nor does either party make a claim for damages against the other.

11.   The parties have submitted this order by agreement and waive all rights of appeal.

IT IS THEREFORE DECLARED BY THE COURT that the Sheriff of Brown County does not have jurisdiction to physically serve pre-judgment or post-judgment civil process within the "federally recognized boundaries" of the Reservation as described in Exhibits A and B.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant, the Sheriff of Brown County, Kansas, is permanently enjoined from physically serving civil process within the described boundaries of the Reservation as described Exhibits A and B.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the permanent injunction entered herein does not prohibit any person or entity from filing lawful actions in the Kickapoo District Court or requesting the Tribal Court or Tribal Police to serve process and issue post-judgment remedies or conduct other proceedings pursuant to the Tribal Code or serving process by mail through the United States Postal Service.

This Declaratory Judgment and Permanent Injunction was issued on this 9th day of February, 2000, supercedes the temporary restraining order, and is in full force and effect immediately.

IT IS SO ORDERED.

SAM A CROW
UNITED STATES DISTRICT
COURT SENIOR JUDGE

105929

APPROVED BY:

CHARLEY LAMAN
ATTORNEY AT LAW
Kickapoo Legal Services
P. O. Box 109
Horton, KS 66439   (785) 486-2131
U.S.A./Indian Country

By: _____
    Charley Laman         #10130
    Attorney for Plaintiff


FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS  66601-0949   (785) 232-7761


By: _____
    J. Steven Pigg         #09213
    Attorney for Defendant
    Lamar Shoemaker

105929                          - 6 -



# KICKAPOO TRIBE IN KANSAS

## LEGAL DESCRIPTION
## FOR FEDERALLY RECOGNIZED
## KICKAPOO RESERVATION

The following is the legal description for the federally recognized boundaries of the Kickapoo Reservation in Kansas, to wit:

Commencing at the Northwest Corner of Section 2, Township 4 South, Range 15 East; thence South for a distance of six (6) miles along the Western Boundary of Sections 2, 11, 14, 23, 26, & 35, of Township 4 South, Range 15 East, to the Southwest Corner of Section 35, of Township 4 South, Range 15 East; thence East for a distance of five (5) miles along the Southern Boundary lines of Sections 35 & 36 of Township 4 South, Range 15 East, and Sections 31, 32, & 33 of Township 4 South, of Range 16 East, (*This five (5) miles East is the Southern Boundary Line of Brown County, Kansas and the Northern Boundary Line of Jackson County, Kansas.*) to the Southeast Corner of Section 33, Township 4 South, of Range 16 East; thence North for a distance of six (6) miles on the Eastern Section boundary lines of Sections 33, 28, 21, 16, 9, & 4 of Township 4 South, Range 16 East, to the Northeast Corner of Section 4, of Township 4 South of Range 16 East; thence West five (5) miles along the Northern Section Boundary lines of Sections 4, 5, & 6, of Township 4 South, Range 16 East, and Sections 1 & 2, of Township 4 south, Range 15 East to the point of beginning; ALL BEING PLATTED IN BROWN COUNTY, KANSAS.

***EXHIBIT B***