**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PRAIRIE BAND POTAWATOMI NATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 24-4066-KHV** |
| | ) | |
| **JACKSON COUNTY SHERIFF, TIM MORSE,** | ) | |
| **in his official capacity,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**</u>

On July 19, 2024, Prairie Band Potawatomi Nation filed a complaint against Tim Morse, Sheriff of Jackson County, Kansas, in his official capacity.  Plaintiff alleges that defendant unlawfully exercised civil jurisdiction within the Nation's Reservation and seeks a declaratory judgment that within the Reservation, defendant lacks (1) civil-regulatory jurisdiction and (2) authority to interfere with the Nation's lawful exercise of civil-regulatory jurisdiction.  Plaintiff also seeks permanent injunctive relief.  This matter is before the Court on <u>Plaintiff's Motion For Summary Judgment And Brief In Support</u> (Doc. #74) and <u>Defendant's Motion For Summary Judgment</u> (Doc. #75), both filed February 13, 2026.  Finding genuine issues of material fact as to both motions, the Court hereby overrules them both and will construe the summary judgment briefs as trial briefs.

At trial, which is set to begin on July 1, 2026, the Court will consider all stipulated facts in the summary judgment record and the <u>Pretrial Order</u> (Doc #67) filed January 20, 2026.  No later than 5:00 P.M. on June 17, 2026, the parties shall file a single document which outlines the undisputed facts in the summary judgment record.

The Court identifies the following issues, at a minimum, for trial: (1) whether Sheriff Morse intended to interfere with plaintiff's exercise of civil-regulatory jurisdiction over Snak Atak, (2) whether Nation officials planned to chain the Snak Atak doors, (3) whether Nation officials feared arrest based on Sheriff Morse's statements and actions, (4) whether Nation officials or Chief Clark altered their plans or behavior due to Sheriff Morse's actions regarding Snak Atak and (5) whether aside from the Snak Atak and towing incidents, Sheriff Morse has engaged in other (or ongoing) acts of interference, opposition, intervention, hinderance or prevention with regard to plaintiff's exercise of civil-regulatory jurisdiction.

In addition, the Court orders plaintiff to show cause in writing, on or before 5:00 P.M. on June 17, 2026, why it should not dismiss Count Three, seeking permanent injunctive relief, as overly broad.  Rule 65 of the Federal Rules of Civil Procedure requires "every order granting an injunction" to "state its terms specifically" and "describe in reasonable detail. . . the act or acts restrained or required."  The facts presented do not appear to support such broad injunctive relief. Furthermore, the injunction which plaintiff seeks—"prohibiting the Defendant from interfering in the lawful exercise of the Nation's civil-regulatory jurisdiction within the Reservation and prohibiting the Defendant from exercising civil-regulatory jurisdiction within the Reservation" —would basically be a naked commandment that defendant follow the law.  As the Tenth Circuit recently held, such an injunction would be improper.  See Shaw v. Smith, 166 F.4th 61, 87 (10th Cir. 2026).

The Court also orders plaintiff to show cause in writing on or before 5:00 P.M. on June 17, 2026, why under Rule 12(b)(6), Fed. R. Civ. P., the Court should not dismiss plaintiff's complaint that defendant "violated federal law" by interfering with the exercise of its civil-regulatory jurisdiction.  The pleadings identify no federal statutory or common law tort of "interference with

2

Tribal civil-regulatory jurisdiction." Plaintiff must therefore identify with specificity the federal law which creates any right of action which it seeks to vindicate in this case, and its foundation in statute, treaty, federal common law or recognized equitable doctrine.

No later than 5:00 P.M. on June 24, 2026, defendant shall respond to plaintiff's response to each order to show cause.

Finally, on reconsideration, the Court orders the parties to file, no later than 5:00 P.M. on June 17, 2026, a list of exhibits and witnesses they plan to call at trial.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

3